

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY SPEARS, ) | |
| ) | |
| Plaintiff, ) | No. 04 C 7040 |
| ) | |
| vs. ) | |
| ) | Magistrate Judge |
| LOCAL NO. 134, INTERNATIONAL ) | Arlander Keys |
| BROTHERHOOD OF ELECTRICAL ) | |
| WORKERS; INTERNATIONAL ) | |
| BROTHERHOOD OF ELECTRICAL ) | |
| WORKERS, AFL-CIO; AND ) | |
| KELSO-BURNETT CO. ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendants' Bills of Taxable Costs. For the reasons set forth below, the Court grants Defendants' requested Costs, in part.

Plaintiff sued his former employer, Kelso-Burnett Co. ("Kelso"), claiming that Kelso terminated him in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 et al. (West 2006) Plaintiff also brought suit against his union, the International Brotherhood of Electrical Workers ("IBEW"), for allegedly breaching its duty of fair representation. Plaintiff's evidence in support of these claims was fatally insufficient, and the Court granted both Defendants' Motions for Summary Judgment on April 25, 2006.

Defendants submitted their Bills for Taxable Costs on May 25, 2006, pursuant to Federal Rule of Civil Procedure 54(d)(1). Plaintiff argues that costs should not be imposed, because he is indigent.

Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). *See also, McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir. 1994)("The prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption.") The presumption in favor of awarding a prevailing party its costs may be overcome by the losing party's showing of indigence. *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 945 (7th Cir. 1997) (noting that a showing that the prevailing party acted in bad faith may also support a denial of costs); *Denson v. Northeast Illinois Regional Commuter Railroad Corp.,* No. 00 C 2984, 2003 WL 21506946, at *1 (N.D. Ill. June 27, 2003) (requiring evidence documenting indigence.) Importantly, the losing party must show both that he is unable to pay presently, and that he *will likely be unable to pay costs in the future. Denson,* 2003 WL 21506946, at *1. Finally, "[e]ven if a litigant is indigent, costs are not automatically waived and may still be awarded at the court's discretion." *Id.*

In his affidavit attached to his Response to Defendants' Bills of Costs, Plaintiff states that he earned only $1,606.00 in 2005, and nothing, thus far, in 2006. Plaintiff makes no effort to explain why he is unable to earn more, despite the fact that

he is a union electrician[1]. And Plaintiff has made absolutely no showing that he will not and cannot earn the amount necessary to pay the costs in the future. The Court also notes that, while Plaintiff's 2005 tax return and W-2 statements supports his affidavit statements regarding his 2005 earnings, Plaintiff has not been entirely forthcoming when reporting the extent of his income in the past. For example, at his deposition in the underlying case, Plaintiff testified that, in all of 2004, he had earned "maybe $4,000" from a handful of employers that he identified. Plaintiff conceded that his estimate was low after defense counsel refreshed Plaintiff's recollection with documents showing that, in 2004, Plaintiff had earned an additional $7,300 from the Durkin Electric Company - an employer that Plaintiff did not disclose when initially questioned - and that he had received $11,000 from the Electrical Insurance Trustees as unemployment compensation.

Despite Plaintiff's claims of indigency, the Court respectfully declines to strike Defendants' Bills of Taxable Costs on this basis. If the awarded Costs are presently uncollectible, Defendants should have the right to pursue the judgment in the future, if Plaintiff's financial circumstances improve.

---

[1] Plaintiff also indicates that he has sought out a variety of side jobs and that he has a supportive network of friends and family.

3

Plaintiff next argues that Defendants' Costs are impermissibly excessive. A court may tax the following as costs: 1) fees of the clerk and marshal; 2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; 3) fees and disbursements for printing and witnesses; 4) fees for exemplification and copies of papers necessarily obtained for use in the case; 5) certain docketing fees; and 6) compensation of court appointed experts and of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1970 (West 2006). Costs recoverable under Rule 54(d) are limited to those listed under § 1920; "[n]o added judicial discretion is conferred." See *Jansen v. Packaging Corp. Of America*, 898 F. Supp. 625, 628 (N.D. Ill. 1995)

With regard to Defendant IBEW, Plaintiff argues that the IBEW should not be permitted to recover in excess of the $3.30 per page permitted by the Judicial Conference of the United States for deposition transcripts. The Court agrees, reducing the permissible cost for Plaintiff's deposition transcripts to $432.30 and $224.40 for Plaintiff's April 27, 2005 and May 17, 2005 depositions, respectively. And the Court further agrees that the IBEW may not recover the costs it incurred for the ASCII disks and the Minuscripts, as the documents submitted by the IBEW suggest that these were merely duplicative and unnecessary. See

4

*Harkins v. Riverboat Services, Inc.*, 286 F. Supp.2d 976, 980-81 (N.D. Ill. 2003). In addition, the transcript delivery, shipping, and handling fees associated with Mr. Spears' depositions are not recoverable, as the Seventh Circuit has categorized such costs as ordinary business expenses. *Id.* However, the Seventh Circuit has held that a party may recover reasonable court reporter deposition attendance fees, *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) and Plaintiff does not argue that the (approximately) $42.00 hourly rate charged by the court reporter was excessive. Therefore, the IBEW may recover an additional $148.75 in court reporter attendance fees for Mr. Spears' April 27th deposition, and $85.00 for Mr. Spears' May 17th Deposition, increasing the recoverable costs from Mr. Spears' depositions to $ 890.45.

With regard to Mr. Westerholm's deposition transcripts, the Court finds that the requested cost of $154.35 (63 pages at $2.45 per page) is within the Judicial Conference's parameters and is supported by the appropriate documentation. However, the IBEW cannot recover the $10.00 for shipping and handling, and because "[c]osts associated with delivering, shipping or handling transcripts are ordinary business expenses," this amount is not recoverable. *Harkins,* 286 F. Supp.2d at 981. Similarly, Plaintiff claims that the costs for copying the exhibits attached to Mr. Westerholm's deposition transcript were not necessary,

5

because Plaintiff had already provided Defendants with copies of these exhibits. Defendants do not challenge Plaintiff's objection, and so the Court will disallow the $10.75 associated fee for copying these exhibits.

Therefore, the total amount recoverable for deposition transcript costs is $1,044.80, and not the $1224.04 requested.

Next, Plaintiff objects to the IBEW's attempt to recover the costs associated with defense counsel's travel to a deposition in Detroit. Plaintiff is correct; costs for attorney travel are not listed in § 1920 and are, therefore, not recoverable. *Jansen*, 898 F. Supp. At 628. The Court will disallow the $312.01 requested as reimbursement for Mr. Bennett's travel to Detroit. *See Harkins*, 286 F. Supp.2d at 983. Plaintiff has not challenged the IBEW's attempt to recoup Mr. Westerholm's $40.00 witness fee, or the $314.40 in airfare for Mr. Westerholm's travel between Washington D.C. and his deposition in Chicago.

Finally, Plaintiff challenges the IBEW's request to recover its copying costs, claiming that they have not been sufficiently documented. The Court disagrees. Prevailing parties seeking to recover copying costs are not "required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. V. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). The breakdown attached to IBEW's Bill of Costs,

combined with attorney Eugene Boyle's affidavit swearing that costs associated with copies for the convenience of attorneys have not been included in the Bill of Costs, is sufficient to award the IBEW its copying costs. And the rate sought by the IBEW, $.15 per page, is reasonable. *Grayson v. City of Chicago*, No. 97 C 0558, 2003 WL 22071479, at *2 (N.D. Ill. Sept. 3, 2003). The Court awards the IBEW the requested $121.70 in copying costs.

Therefore, the Court grants the IBEW's Bill of Taxable Costs in the amount of $1,520.90: $1044.80 in court reporter fees and transcript costs, $476.10 in witness fees and travel, and copying costs.

Turning to Kelso's Bill of Costs, Plaintiff argues that Kelso should not be permitted to recover $3.30 per page permitted by the Judicial Conference for deposition transcipts, and instead should be permitted to recover only $.83 per page permitted by the Judicial Conference for deposition transcript *copies*. The Court agrees that Plaintiff should not be charged twice for the same deposition transcripts taken by the same court reporter, and will permit Kelso to recover only the cost for transcript copies. In deciding to permit the IBEW the greater amount, the Court notes that the IBEW attached the receipts for the transcript costs to its Bill of Costs, and Kelso did not. Thus, Kelso's request for $834.43 in deposition costs in reduced to $249.84.

Plaintiff similarly challenges Kelso's attempt to recover its copying costs. However, given the relatively meager amount sought to be recovered by Kelso, the Court again finds that Defendants' cursory description of the copying charges is adequate for recovery in this case. *See Northbrook Excess & Surplus Ins. Co.*, 924 F.2d at 643. Therefore, the Court awards Defendant Kelso $488.64 in Taxable Costs ($249.84 in deposition transcript copy costs and $238.80 in copying costs).

**CONCLUSION**

Defendants' Bills of Taxable Costs are granted, in part. For the reasons stated above, the Court orders Plaintiff to pay Defendant IBEW $1,520.90 in costs, and to pay Defendant Kelso $488.64 in costs.

DATE: August 10, 2006     E N T E R E D:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge